IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,577-01






EX PARTE FRANCISCO GONZALEZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 20060D04274 IN THE 210TH DISTRICT COURT


FROM EL PASO COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,
the clerk of the trial court transmitted to this Court this application for writ of habeas corpus.
Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of
murder and sentenced to life imprisonment. The Eighth Court of Appeals affirmed his
conviction. Gonzalez v. State, 301 S.W.3d 393 (Tex. App. - El Paso 2009).

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance.
He raises multiple complaints, but there is no affidavit from trial counsel in response.
Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In
these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings
of fact. The trial court shall provide applicant's trial counsel with the opportunity to respond
to applicant's claims of ineffective assistance of counsel by ordering trial counsel to file an
affidavit. In addition to obtaining this affidavit, the trial court may use any means set out in
Tex. Code Crim. Proc. art. 11.07, § 3(d) to resolve disputed factual matters. In the
appropriate case, the trial court may rely on its personal recollection. Id. If the trial court
elects to hold a hearing, it shall determine whether applicant is indigent. If applicant is
indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of
applicant's trial counsel was deficient and, if so, whether counsel's deficient performance
prejudiced applicant. The trial court shall also make findings of fact regarding Applicant's
other claims for habeas corpus relief, and it may make any other findings of fact it deems
relevant and appropriate to the disposition of applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact
issues. The issues shall be resolved within 90 days of this order. If any continuances are
granted, a copy of the order granting the continuance shall be sent to this Court. A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact, shall be returned to this Court within 120 days of the date of
this order. Any extensions of time shall be obtained from this Court. 




Filed: January 11, 2012

Do not publish